FILED
SUPERIOR COURT
OF GUAM

2021 NOV 12 PM 1:33

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| SH ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TERRITORY OF GUAM; GENERAL SERVICES AGENCY, DEPARTMENT OF ADMINISTRATION; and the OFFICE OF PUBLIC ACCOUNTABILITY, <br><br> Defendants. | CIVIL CASE NO. CV0338-21 <br><br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on August 12, 2021 for a motion hearing on the Defendant Office of Public Accountability's Motion to Dismiss for Lack of Personal Jurisdiction. Present at the hearing were Attorneys Joseph McDonald on behalf of the Office of Public Accountability ("OPA"), Assistant Attorney General Sandra Miller on behalf of the Government of Guam ("Government"), Attorney Robert Kono on behalf of the General Services Agency ("GSA"), and Attorney Vanessa Williams on behalf of Plaintiff S.H. Enterprises, Inc. ("Plaintiff").

Having considered the arguments, pleadings and applicable law, the Court hereby **DENIES** the Motion to Dismiss the OPA for lack of personal jurisdiction.

## BACKGROUND

This case arises out of a procurement appeal that is now being appealed from the OPA to the Superior Court. On September 25, 2019, GSA published Invitation for Bid No. GSA-056-19 (the "IFB") seeking nutrition services for the comprehensive management, operations, and maintenance of the elderly nutrition program, congregate meals, and home-delivered meal components (the "Elderly Nutrition Program") on behalf of the Department of Public Health & Social Services (DPHSS). Plaintiff S.H. Enterprises and Basil Food Industrial Services Corp. ("Basil") responded to the IFB.

On November 8, 2019, GSA issued a Bid Status Report indicating it would award the Elderly Nutrition Program contract to Plaintiff SH Enterprises. Two weeks later on November 22, 2019, Basil filed a procurement protest with the GSA over the award of the IFB to Plaintiff ("Basil's First Protest). GSA denied Basil's protest on November 30, 2019, leading Basil to file a procurement appeal with the OPA on December 16, 2019 ("Basil's First Appeal").[1]

On February 7, 2020, Basil filed a second protest to the GSA regarding the award of the IFB to Plaintiff based on the Governor of Guam's use of the Plaintiff's Hakubotan Building as the Guam War Claims Office ("Basil's Second Protest"). GSA denied Basil's protest on February 8, 2020, which in turn led Basil to file its second appeal with the OPA on February 27, 2020 ("Basil's Second Appeal")[2]. The two appeals were consolidated on March 13, 2020.

On December 11, 2020, the Public Auditor issued a written Decision ordering that Plaintiff's award of the Elderly Nutrition Program contract be terminated. This served as a Final Administrative Decision regarding Appeal No. OPA-PA-19-011. On December 28, 2020,

---

[1] This appeal was numbered as OPA-PA-19-011.
[2] This appeal was numbered as OPA-PA-20-003.

Plaintiff filed a civil action with the Superior Court appealing the OPA's Decision to terminate its contract.[3]

The OPA's December 11, 2020 Decision also held that Plaintiff's donation of the Hakubotan building violated Procurement Law's ethical standards. The OPA deconsolidated Basil's appeals and issued an Order to Show Cause ("OSC") to Plaintiff to show why it should not be suspended or debarred for the alleged breach of ethical standards. After hearings conducted before the OPA, the OPA issued a decision on April 27, 2021 which ordered that Plaintiff be debarred from consideration of future government procurement awards for a period of one year.

On May 11, 2021, Plaintiff filed the instant civil action with the Superior Court appealing the OPA's debarment decision.[4] Plaintiff's Verified Complaint contains four counts and contends that: (1) The Public Auditor lacks jurisdiction to debar or suspend a contractor; (2) debarment by the Public Auditor on a procurement appeal violates due process; (3) the OPA erred in finding that Plaintiff violated ethical standards; and (4) the OPA erred in deciding to debar the Plaintiff. The Government filed its Answer on July 12, 2021.

A status conference was held on June 16, 2021, wherein the Court requested briefing regarding the appropriateness of the OPA being named as a defendant to the litigation. The OPA filed its Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support of Motion on June 28, 2021. That same day, the Government filed its Memorandum Re: Office of Public Accountability and Scope of Review and Plaintiff filed the Memorandum Re: Office of Public Accountability and Scope of Review.

---

[3] Civil Case No. CV1057-20.
[4] Civil Case No. CV0338-21.

The Government filed its Opposition to OPA's Motion to Dismiss for Lack of Personal Jurisdiction on July 26, 2021, which Plaintiff joined. The OPA filed its Reply on August 9, 2021. A motion hearing was held on August 12, 2021, after which this matter was taken under advisement.

## DISCUSSION

**I.      PERSONAL JURISDICTION UNDER RULE 12(b)(2).**

Guam Rule of Civil Procedure Rule 12(b)(2) provides for the dismissal of a civil action where a court lacks jurisdiction over the person. *See* Guam R. Civ. Pro. 12(b)(2). "[A] trial court lacks jurisdiction in a fundamental sense when it lacks personal jurisdiction over a party." *Brue v. Shabaab*, 269 Cal. Rptr. 3d 124, 130 (2020). If raised early enough in the litigation, a lack of personal jurisdiction is an affirmative defense. *Taitano v. Lujan*, 2005 Guam 26 ¶ 24.

**II.     THE GUAM SUPREME COURT HAS HELD THAT THE OPA IS A RELEVANT AND APPROPIATE DEFENDANT IN PROCUREMENT APPEALS TO THE SUPERIOR COURT.**

The Guam Supreme Court has previously held that when appealing a decision of the Public Auditor, the OPA is a relevant and appropriate defendant. *Data Mgmt. Res., LLC ("DMR") v. Off. of Pub. Accountability*, 2013 Guam 27 ¶ 27. An appeal from an OPA decision in the Superior Court must be served upon "all relevant defendants." *Teleguam Holdings LLC v. Guam (Teleguam Holdings II)*, 2018 Guam 5 ¶ 25. For the Superior Court to have jurisdiction, the civil action should be between "the Territory and a bidder, offeror, or contractor." 5 GCA § 5480(a). A party seeking review of the Public Auditor's decision "must sue the Territory of Guam, by naming either the Territory of Guam or the relevant agency or government entity from which [the aggrieved party] seeks relief." *Town House Dep't Stores, Inc. ("Town House") v. Dep't of Educ.*, 2012 Guam 25 ¶ 33. In *DMR*, the Supreme Court

found that the OPA was properly named as a defendant in a procurement appeal to the Superior Court:

> DMR named two parties in its Petition, namely, OPA and GDOE, when seeking declaratory and equitable relief. By doing so, DMR furnished formal notice to these agencies sufficient to allow them to respond to the Petition and defend the lawsuit. Third, **DMR named the appropriate agency, OPA, given that DMR sought the trial court's review of OPA's administrative decision, and that OPA is a qualifying agency of the Territory of Guam that can waive sovereign immunity.**

*DMR*, 2013 Guam 27 ¶ 27 (emphasis added). Without naming the proper defendant, a court lacks jurisdiction to hear the matter. *Town House*, 2012 Guam 25 ¶ 35.

Here, Plaintiff named defendants, to include the Territory of Guam, General Services Agency, Department of Administration, and the Office of Public Accountability. Because the OPA is one of the government agencies from which Plaintiff seeks relief due to the adverse decision the OPA issued against it, the OPA is a relevant and appropriate defendant. Given the Guam Supreme Court's decision in *DMR* finding the OPA to be a proper defendant in a procurement appeal from the OPA to the Superior Court, the Court finds the OPA to be a proper defendant in this matter.

## III. THE OPA IS A PROPER DEFENDANT IN THIS LITIGATION DESPITE TITLE 2 GAR DIVISON 4 SECTION 12103(b).

The OPA's main contention in its Motion to Dismiss is that the Court lacks personal jurisdiction over the OPA and that the OPA is not a proper defendant in this litigation under Title 2 GAR Division 4 Section 12103(b). Section 12103(b) is an administrative regulation promulgated by the OPA and states the following:

> (b) Effect of Judicial Proceedings. **If an action concerning the procurement under Appeal has commenced in court, the Public Auditor shall not act on the Appeal except to notify the parties and decline the matter due to Judicial involvement.** This Section shall not apply where a court requests the decision of the Public Auditor. Parties are required to notify and provide copies to the Public Auditor within 24 hours of any action in court concerning the procurement under Appeal.

2 GAR Div. 4. § 12103 (emphasis added).

Under the regulations promulgated by the OPA, the Public Auditor must decline to act once an action concerning the procurement under appeal commences in court. However, the Court interprets Section 12103(b) as preventing the Public Auditor from acting on a procurement under appeal at the OPA level, and not as preventing the Public Auditor from involvement in a civil action regarding such an appeal. Thus, both the Public Auditor and the OPA, as the office where the Public Auditor sits, are not necessarily precluded from being defendants in a civil action under this section. Based on this reading of the plain language of 2 GAR Div. 4. § 12103(b), the Court does not find that it lacks personal jurisdiction over the OPA or that the OPA is precluded from being named as a defendant in this matter.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the OPA's Motion to Dismiss the OPA as a defendant in this action due to lack of personal jurisdiction.

**IT IS SO ORDERED** ___NOV 1 2 2021___.

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam